UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOHNNIE L. HENDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-cv-1464 |
| SHERIFF ROBERT McCARTY, et al. | ) ) | |
| Defendants. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. (Doc. 3). For the reasons stated below, the Motion is denied without prejudice.

As noted by the Court in its April 13, 2010 Order & Opinion, civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made a reasonable attempt to acquire counsel, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660. *See also Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006) (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997)) ("test is *not* whether 'a good lawyer may have done better than [plaintiff]'").

As for the first prong, Plaintiff cites letters he sent to several law firms requesting representation, and the responses from several firms denying his request.[1] (Doc. 3 at 1; Doc. 1 at 39-48). Plaintiff also had a response from the Uptown People's Law Center, to which he had been referred by Latham & Watkins, which offered to assist Plaintiff in locating an attorney to assist him *pro bono*. (Doc. 1 at 47). It does not appear that Plaintiff pursued this offer by sending the Uptown People's Law Center the information it requested, which the Court believes would be a reasonable step for someone seeking *pro bono* representation to take.

Moreover, following the Court's February 17, 2012 Merit Review Order, Plaintiff's claims have been clarified to include only the allegations of excessive force, failure to intervene, deliberate indifference to serious medical needs, inhumane conditions of confinement, and a First Amendment violation.[2] In addition, the Court eliminated a number of Defendants, leaving only Defendants Painter, Weber, Smith, Scroles, Mayback, Nurse Tracy, Nurse Stephanie, Dr.

---

[1] One of the cited documents appears to be an unsolicited legal advertisement offering post-conviction representation after Petitioner's petition for leave to appeal, apparently from his underlying criminal conviction, was denied by the Illinois Supreme Court. (Doc. 1 at 48).

[2] As best the Court can discern from Plaintiff's Complaint, the excessive force claim is against Defendants Smith and Scroles; the failure to intervene claim is against Defendants Mayback and Painter; the deliberate indifference to serious medical needs claim is against Defendants Painter, Lillie, Nurse Tracy, Nurse Stephanie, and Dr. Tilden; the inhumane conditions of confinement claim is against Defendants Smith, Scroles, Mayback, and Painter; and the First Amendment claims (for interference with access to courts or to redress grievances) are against Defendants Lillie and Eilts. Defendant Weber, who allegedly failed to adequately investigate Plaintiff's grievance of the excessive force incident, is similarly situated to Defendants Allen and Simpson, and the claim against him is dismissed as was the similar claim against Defendants Allen and Simpson by the Docket Order of February 17, 2012.

Tilden, Lillie, Counselor Eilts, and Sheriff Meredith. Plaintiff's Complaint shows that he is capable of explaining the facts underlying his claims, and that he can effectively use written language and compile documentary evidence. Thus far, his claims do not appear to present complex legal, factual, or evidentiary issues, and the Court does not find that an attorney is necessary at this stage.

Plaintiff argues that the case "can get complex" because it may involve deposing medical personnel and others, and that he is "simply not familiar with this sort of proceeding." (Doc. 3 at 1). Unfamiliarity with legal proceedings and a certain amount of complexity do not necessarily justify the appointment of an attorney. *Johnson*, 433 F.3d at 1007-08 (medical evidence and lack of prior litigation experience do not necessarily require attorney's assistance). Moreover, though Plaintiff may not be able to afford the costs associated with obtaining depositions, he can use other discovery methods to obtain the evidence needed, such as written interrogatories and requests for document production, and can obtain the Court's assistance in compelling the production of relevant information, if necessary. FED. R. CIV. P. 33, 34, 37. If, at a later stage, it becomes apparent that Plaintiff may need the assistance of an attorney, the Court will consider a second motion to appoint counsel, or may decide to offer counsel to Plaintiff *sua sponte*. At this time, however, Plaintiff is capable of litigating his claims alone.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 3) is DENIED WITHOUT PREJUDICE. Plaintiff's claim against Defendant Weber is DISMISSED pursuant to 28 U.S.C. § 1915A.

Entered this <u>7th</u> day of March, 2012.

                                                                        s/ Joe B. McDade
                                                                        JOE BILLY McDADE
                                                    United States Senior District Judge